UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **KIMBERLY KING** | **CIVIL ACTION NO: 22-cv-569** |
| **VERSUS** | **JUDGE:** |
| **UGALDE HUGO AND TEXAS INTERNATIONAL ENTERPRISES, INC.** | **MAG. JUDGE:** |

## COMPLAINT

The Complaint of **KIMBERLY KING**, a person of the full age of majority, and a resident and domiciliary of the State of Louisiana, respectfully represents, as follows, to wit:

1.

Made defendants herein are:

**UGALDE NAJERA HUGO**, a person of the full age of majority and who may be at 13522 Evolution Loop, Laredo, Texas 78045

**TEXAS INTERNATIONAL ENTERPRISES, INC**, who may be served 13522 Evolution Loop, Laredo, Texas 78045

### SUBJECT MATTER AND PERSONAL JURISDICTION

2.

This Court has jurisdiction over the subject matter and defendants in this case pursuant to 28 U.S.C. 1332 because there is complete diversity of citizenship between plaintiff and defendants and the amount in controversy exceeds $75,000. Plaintiff is a citizen of Louisiana and defendants are citizens of Texas.

## VENUE

3.

Venue is proper in this Court pursuant to 28 USC 1391 because the accident occurred in Chambers County, Texas, which is within the jurdicial district of the United States District Court for the Southern District of Texas.

## FACTS

4.

On or about March 29, 2021, plaintiff, **Kimberly King**, was the owner and operator of a 2021 Nissan Altima, traveling east bound in the right lane on Interstate 10 in Houston, Texas. This vehicle will hereinafter be referred to as the **"King"** vehicle.

5.

On the above-mentioned date, a 2021 Peterbuilt tractor-trailer, Vehicle Identification Number 1XPBDP9X3MD652257, operated by **Ugalde N. Hugo** and under the commercial operating authority of vehicle owner**, Texas International Enterprises, Inc.**, was traveling east bound on Interstate 10 in Houston, Texas and was following the **King** vehicle. Defendant, **Ugalde Hugo**, suddenly, violently and without any warning rear-ended the **King** vehicle.

6.

At the time of the accident, defendant, **Ugalde N. Hugo** was acting in the course and scope of his employment with **Texas International Enterprises, Inc.**, providing services and in furtherance of a mission pursuant to his contract of employment with and for the benefit of **Texas International Enterprises, Inc.**, and therefore, pursuant to the theory of respondent superior, **Texas International Enterprises, Inc.** is vicariously liable for all damages caused by defendant driver, **Ugalde N. Hugo**.

7.

As a result of the aforesaid vehicular collision, Plaintiff, **Kimberly King,** has sustained the following among other damages:

a. Physical pain and suffering (past, present, and future);

b. Mental pain and suffering (past, present and future);

c. Loss of income and earning capacity (past, present and future);

d. Medical bills (past, present and future);

e. Loss of enjoyment of life (past, present and future);

f. Physical disability;

g. Scarring and disfigurement;

h. Property damage; and

i. Loss of use of his 2021 Nissan Altima.

8.

All Defendants' conduct described herein constitutes an unexcused breach of duty imposed by Texas Transportation Code Sections 545.062, 545.351 and 545.401. Defendants' unexcused breach of the duties imposed by these sections of the Texas Transportation Code proximately caused the plaintiffs injuries described herein.

9.

At all times pertinent herein, Plaintiff was free from fault in causing said accident; further, the said accident was solely and proximately caused by the negligence and/or strict liability of **Ugalde Hugo and/or Texas International Enterprises, Inc.**, whose acts of negligence and/or strict liability which include:

1. Driving a vehicle in an unsafe, reckless and dangerous manner;

2. Failing to be attentive and/or observe surrounding traffic;

3. Failing to yield to oncoming traffic;

4. Failing to see what should have been seen;

5. Failing to control his/her vehicle;

6. Failing to control his vehicle;

7. Failing to control his speed;

8. Failure to timely apply his brakes;

9. Failing to react in a timely manner;

10. Failed to follow applicable state and federal rules and regulations, including but not limited to the Federal Motor Safety Carrier Regulations; and

11. Other acts deemed negligent and grossly negligent.

10.

Alternatively and in addition to the allegation above, at all times pertinent herein, Plaintiff was free from fault in causing said accident; further, the said accident was solely and proximately caused by the negligence and/or strict liability of **Texas International Enterprises, Inc.**, whose acts of negligence, negligent hiring, negligent entrustment, negligent supervision and/or strict liability which include:

    a. Failure to conduct a reasonable and adequate interview of DefendantHugo as a potential employee;

    b. Failure to properly follow up on information not provided by Defendant Hugo in the interview process;

    c. Failure to conduct a proper employment and background check;

    d. Failure to comply with applicable Federal Motor Carrier Safety Regulations;

e. Failure to sufficiently investigate Defendant Hugo's training, prior employment, criminal record, and past;

f. Failure to perform the required screening, testing, and physical of Defendant Hugo;

g. Failure to adopt proper policies and procedures regarding the interview; of a potential employee who will be driving a tractor/trailer on thehighways of the State of Texas;

h. Such other and further acts of negligence as may be shown in the trial ofthis cause as discovery progresses;

i. Failure to monitor Defendant Hugo to make sure that he was complying with policies and procedures.

j. Failure to interview and test Defendant Hugo to make sure he had read, and was familiar with, understood, and followed the company policies and procedures.

k. Failure to implement proper policies and procedures for its employees, including Defendant Hugo, regarding driver safety and vehicle safety;

l. Failure to document and make a determination regarding fault in the accident made the basis of this suit;

m. Failure to supervise Defendant Hugo to insure that he was keeping the vehicle properly maintained;

n. Such other and further acts of negligence as may be shown in the trial ofthis cause as discovery progresses;

o. Provided a vehicle and/or authority to Defendant Hugo who was not properly trained and did not have the proper education, background, training, or experience to safely operate the vehicle, and who was an incompetent and/or reckless driver.

11.

Plaintiff requests that this case be tried by a jury.

**WHEREFORE,** plaintiff prays that his petition be deemed good and sufficient and that

the same be served upon defendant herein, ordering them to answer the allegations contained; that after all due legal delays and proceedings are had, that there be judgment in favor of Plaintiff, **KIMBERLY KING** and against defendant, **UGALDE N. HUGO AND TEXAS INTERNATIONAL ENTERPRISES, INC.** individually, jointly and in solido, in an amount to commensurate with the damages enumerated hereinabove, together with legal interest from date of this demand and for all costs of these proceedings.

Plaintiff further prays for all general and equitable relief necessary herein.

Respectfully submitted:

**BRIAN CAUBARREAUX AND ASSOCIATES**

By: s/Emily Gremillion
**BRIAN M. CAUBARREAUX, #21522**
**EMILY GREMILLION, # 31177**
144 W. Tunica Drive
Post Office Box 129
Marksville, Louisiana 71351
Telephone: 318-253-0900
Fax: 318-253-5666